Georgetown Co., LLC v IAC/Interactive Corp. (2024 NY Slip Op 01870)

 Georgetown Co., LLC v IAC/Interactive Corp.

2024 NY Slip Op 01870

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Oing, J.P., González, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 651304/16 Appeal No. 1624 Case No. 2023-00507 

[*1]The Georgetown Company, LLC, et al., Plaintiffs-Respondents,
v
IAC/Interactive Corp., et al., Defendants-Appellants.

Walden Macht & Haran LLP, New York (Sean T. Haran of counsel), for appellants.
Certilman Balin Adler & Hyman LLP, East Meadow (Paul B. Sweeney of counsel), for respondents.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered January 13, 2023, which denied defendants' motion for summary judgment dismissing the amended complaint, unanimously affirmed, with costs.
Plaintiffs claim that they are entitled to share in the $35 million fee paid to defendants for the relinquishment of certain air rights. We find that defendants failed to establish as a matter of law that neither the parties' agreements nor the evidence in the record preclude plaintiffs' claims for a declaratory judgment under a breach of contract or unjust enrichment theory. Under the parties' March 9, 2004 letter agreement, the parties agreed that if either side obtained a "right or option to purchase . . . any interest in any other property," then the other would be entitled to share in the transaction "on an equal economic and control basis."
The parties' dispute turns on whether their 2004 letter agreement encompasses a transaction in which defendants received a $35 million payment from a third party in exchange for defendants' relinquishment of air rights associated with lots subject to defendants' ground lease and sublease.
Defendants do not deny that air rights constitute an interest in real property (see Macmillan, Inc. v CF Lex Assoc., 56 NY2d 386, 392 [1982]). Nevertheless, they contend that the payment received for their transfer of the air rights resulted from something other than a "right or option to purchase . . . any interest in any other property."
Defendants' position is unpersuasive, as they do not establish as a matter of law that obtaining the right to transfer the additional floor area ratio (FAR) to a third party for value was outside the letter agreement's expansive definition of "a right or option to purchase . . . any interest in any other property." Contrary to defendants' contention, nothing in the 2004 letter agreement excludes rights that are subsequently relinquished or transactions requiring defendants' consent. Accordingly, the motion court correctly determined that plaintiffs should have the opportunity to establish at trial that the $35 million payment in exchange for the relinquishment of the air rights fell within the parties' 2004 letter agreement.
The court also correctly decided that plaintiffs can proceed, in the alternative, on an unjust enrichment theory. Here, plaintiffs maintain that its efforts to amend the New York City Zoning Resolution (ZR) increased the permitted FAR [FN1] rights applicable to defendants' lots.[FN2] Defendants do not deny plaintiffs' rezoning efforts and instead contend that the parties' 2004 agreement does not apply to this transaction. Therefore, "there is a bona fide dispute as to . . . the application of a contract in the dispute in issue, [and] plaintiff[s] may proceed upon a theory of quasi contract as well as breach of contract, and will not be required to elect [its] remedies" (Goldman v Simon Prop. Group, Inc., 58 AD3d 208, 220 [2d Dept 2008]; see also 21/23 Ave. B [*2]Realty LLC v 21&23 Ave B, LLC, 191 AD3d 456, 457 [1st Dept 2021]).
We have considered defendants' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: April 4, 2024

Footnotes

Footnote 1: ZR § 12-10 defines "floor area" as "the sum of the gross areas of the several floors of a building or buildings." The "floor area ratio" "is the total floor area on a zoning lot, divided by the lot area of the zoning lot" (id.). The FAR determines the maximum permissible height for structures on a lot. Air rights, also known as development rights, may be transferred or sold independent of the interest in the underlying land.

Footnote 2: Specifically, ZR §§ 98-22 and 98-25 permitted the applicable basic maximum FAR for the zoning lot to be increased by a factor of 2.5 upon the deposit of a "contribution" to the City's High Line Improvement Fund and a declaration of restrictions. Defendants acknowledge that a payment of $50/square foot was made for the Bonus Development Rights under the High Line Rezoning plan.